UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,　　　　　　**FINAL**
by ELIOT SPITZER, ATTORNEY GENERAL　　　　　　**JUDGMENT**
OF THE STATE OF NEW YORK,

　　　　　　　　　　　　　　Plaintiffs,　　　　01-Civ-0364 (CM)

　　　　-against-

THE TOWN OF WALLKILL,

　　　　　　　　　　　　　　Defendant.
------------------------------------------------------------X

　　　　WHEREAS, plaintiff, THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, ATTORNEY GENERAL OF THE STATE OF NEW YORK ("OAG" and/or "Plaintiff"), commenced the above-captioned lawsuit in the United States District Court for the Southern District of New York, seeking injunctive relief against the TOWN OF WALLKILL ("Defendant") for alleged violations of the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as for alleged violations of 42 U.S.C. § 1983, New York State Town Law § 150 and the New York State Executive Law § 63(12); and

　　　　WHEREAS, Defendant has denied any wrongdoing or liability in this action; and

　　　　WHEREAS, on April 3, 2001, this Court issued an Order, on the consent of the parties ("Consent Decree"), temporarily enjoining Defendant from performing certain practices and requiring and compelling Defendant to adopt certain practices and procedures with the goal of reforming the Wallkill Police Department ("WPD"); and

1

WHEREAS, said temporary injunction required that Defendant adopt a "Best Practices Guidelines" with respect to the functioning of the WPD and the conduct of its police officers; and

WHEREAS, said temporary injunction required the selection and appointment of an independent auditor to oversee the operation of the WPD; and

WHEREAS, Dean Esserman was appointed by this Court as the auditor of the WPD; and

WHEREAS, in compliance with said temporary injunction, Defendant, through its Town Board ("Governing Body"), adopted the Best Practices Guidelines, which guidelines included certain hiring eligibility and hiring criteria for candidates for employment as Chief of Police and for police officers, and which set criteria for promotion to sergeant and probationary terms for new WPD employees; and

WHEREAS, pursuant to a further order of this Court dated September 20, 2002, this Court ordered Defendant to maintain the hiring, promotion and probationary practices set forth in the Best Practices Guidelines over the objection of the Orange County Department of Personnel; and

WHEREAS, pursuant to the final recommendation of the auditor on February 6, 2006, this Court ended its oversight with respect to the WPD; and

WHEREAS, the prior orders of this Court have been fully complied with by Plaintiff and Defendant; it is hereby

ADJUDGED that:

1. This Court ended its oversight with respect to the WPD on February 6, 2006.

2. Defendant is permanently enjoined and required to comply with Section 6.2 of the Best Practices Guidelines adopted pursuant to this Court's Consent Decree as follows:

6.2 Hiring Requirements for Officers

In addition to the requirements of applicable law, hiring requirements shall include the following:

a. Candidates must satisfy the "Medical and Physical Fitness Standards and Procedures for Police Officer Candidates" of the Municipal Police Training Council, 9 NYCRR Part 6000.

b. Candidates must pass an emotional stability and psychological fitness screening administered by a licensed psychologist. [Town of Wallkill shall retain an appropriately qualified expert to design and administer a screening that measures a candidate's emotional stability and suitability for law enforcement.]

c. The completion of two years of credit in college or in military service is strongly preferred. All candidates who cannot meet these criteria must be able to convincingly demonstrate equivalent maturity through prior life and work experience.

d. Candidates must be at least 21 years of age.

e. Candidates must reside within one hour travel time of the Wallkill Town Hall.

f. Candidates must possess a valid New York State driver's license.

g. Candidates shall interview with the Chief.

h. A background investigation shall be conducted of each candidate including, but not limited to: family, education, residences, work record, physical fitness for duty, emotional stability and psychological fitness for duty, organizations and affiliations, references and social contacts, credit record, DMV

record, military history, county records such as liens and judgments, and criminal history record.

(1) Each background investigation shall be documented in a Background Investigation Checklist. [Town of Wallkill shall design a checklist form to record each of the above items of information.]

(2) The WPD shall obtain fingerprints for each candidate and submit them to the New York State Division of Criminal Justice Services for review of the candidate's criminal record.

(3) The background investigation shall be completed by the 30th day of the candidate's commencement of service as a member of the WPD.

(4) Candidates shall cooperate fully in the background investigation. Failure to cooperate fully shall be grounds for dismissal.

i. Upon an offer of employment, the Background Investigation Checklist and the member's fingerprints shall be placed in the member's personnel file.

3. Defendant is permanently enjoined and required to comply with Section 6.3 of the Best Practices Guidelines adopted pursuant to this Court's Consent Decree and as amended as follows:

6.3 Hiring Requirements for the Chief

a. The completion of an associate's degree, along with appropriate police, supervisory and administrative experience, as well as a demonstrated commitment to police excellence, are required.

4

      b.    In addition to any exam mandated by state law, a written and/or oral competitive Chief of Police examination may be part of the selection process.

4. Defendant is permanently enjoined and required to comply with Section 6.4 of the Best Practices Guidelines adopted pursuant to this Court's Consent Decree and as amended as follows:

    6.4    Probationary Period

        a.    Entry level officers shall successfully complete a probationary period of 18 months, inclusive of time spent at the police academy.

        b.    During probation, the officer shall perform his or her patrol and other duties accompanied by and under the direct supervision of an experienced officer, whenever possible.

        c.    Probationary officers shall be evaluated at least four times during their probation. Each evaluation shall be documented in writing using an officer performance evaluation form and standards appropriate for the performance of probationary officers.

        d.    Probationary officers shall be subject to all WPD rules and may be terminated in accordance with applicable law.

        e.    At the end of an officer's probation, the Chief and the Governing Body shall determine whether to retain the officer on the basis of his or her performance during probation, in accordance with applicable law. They shall consider the officer's evaluations, any complaints made against that officer, the records prepared by the officer, and other information pertaining to the officer's fitness to serve in the WPD. The Chief and the Governing Body may also make such determination during the officer's probation as warranted.

5. Defendant is permanently enjoined and required to comply with Section 8.1 of the Best Practices Guidelines adopted pursuant to this Court's Consent Decree as follows:

8.1 Promotion

    a. A WPD officer shall become eligible for promotion to sergeant upon meeting the following requirements:

        (1) For the period commencing January 1, 2002 and thereafter, five years of patrol service with the WPD or another police department,

        (2) Satisfactory performance as an officer, as determined by, among other things, the officer's evaluations and qualifications,

        (3) Demonstrated commitment to police excellence,

        (4) Strong leadership abilities, and

        (5) All requirements under applicable law.

    b. A list shall be maintained of all WPD officers eligible for promotion to sergeant.

    c. If a more junior officer is promoted before a more senior officer, the Chief shall explain the reasons for such decision in writing to the Governing Body.

DATED: February 28, 2006

ENTERED:

Hon. Colleen McMahon, USDC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,
by ELIOT SPITZER, ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                        Plaintiffs,

-against-

THE TOWN OF WALLKILL,
                        Defendant.
-------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

01-Civ-0364 (CM)

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF ORANGE   )

      DIANNE MCGOVERN, being duly sworn, deposes and states:

      1.    I am a secretary employed by the firm of Greenwald Law Offices, I am not a party to this action, I am over 18 years of age, and I reside in Middletown, New York.

      2.    That on the 27th day of February 2006, I mailed a copy of the within proposed **FINAL JUDGMENT** by placing same in a postage-paid envelope and mailing same in an official depository under the exclusive care and custody of the Post Office of the United States addressed to the following person(s) at the last known address as set forth below:

Alvin Bragg, Esq.
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

Carrie Cohen, Esq.
State of New York
Office of the Attorney General
129 Broadway
New York, New York 10271

                                                            _/s/ Dianne McGovern_
                                                            DIANNE MCGOVERN

Sworn to before me this
27th day of February 2006.

_/s/ Linda McCarter_
NOTARY PUBLIC

Linda McCarter
Notary Public, State of New York
No. 01MC4698975
Qualified in Orange County
Commission Expires April 30, 20__